Case number 15-3475 Yasser Hih v. Loretta Lynch. Oral argument not to exceed 15 minutes per side. Dennis Michnicki for the petitioner. You may proceed. Thank you very much. Good morning, Your Honor. Morning. We've asked for three minutes for rebuttal. All right. Because this court is always well-prepared, I'm not going to go through any rendition of the facts. You guys always know all that stuff ahead of time. Mr. Hih is in the courtroom in the back there, over there. His wife is home with their children, so she couldn't make it. All right. In our view, the compelling issue in this case revolves around the way in which the immigration judge and the BIA evaluated the corroborating evidence, which was substantial enough to create a 10 percent likelihood of future persecution, which would meet the standard for a grant of asylum. Although it is not this court's job to do that evaluation now, that should be done by the BIA. But I would just wish to review the evidentiary issues where it was very obvious the BIA did not do a lawful evaluation of the corroborating evidence. Number one, of course, and the most critical one, is the original copy of the handwritten death threat from Hamas. Let me just ask you if we would really get into that in connection with this appeal, because there was a motion in which your client attempted to argue the merits, but it was determined that the merits motion had previously been presented, and the new motion would be treated as a motion to reconsider, but that motion was submitted too late. So, at least that's the government's argument. So, what is, before we get into the merits, what do you have to say about this procedural issue? That's patently wrong. It was filed as an appeal. It was treated as an appeal. A motion to reconsider doesn't have a briefing statute. Was that timely filed as an appeal? Yes. Okay, and why so? Because when it got remanded, right, you had two options. You could file an appeal, or you could go for the voluntary departure, and then you had 30 days from the voluntary departure to file for judicial review, which would have been an appeal here, correct? It would have been my understanding that I would have had to go back to the BIA and then file from the BIA. It was not my understanding that I could file directly to this court. Did you read the case law? Yes, I read Geraldo. In fact, I read your specific case, Geraldo, was the basis on which I relied. And in Geraldo you said... I love that, though, because Geraldo says that initial determination is final and appealable, right? And Geraldo also says, as a matter of prudential discretion, in light of... In a case that had been appealed, they could do that, right? Right, and it said specifically that you could... Excuse me. Oh, sorry. In Geraldo there was an appeal within the time, right? And then they discretionarily didn't hear it, right? Right. In your case there wasn't an appeal, so the court never got a chance to exercise its discretion because you didn't appeal it within the 30 days. Well... Why doesn't that make Geraldo just completely different in that respect? Because Geraldo says in there that you can have the merits determined in an appeal after the action on voluntary departure? Well, I mean, I guess you could read it that way. I'm not sure it has to be read that way, but I'm not seeing why that makes a difference, because in Geraldo there was... As Judge Thapar is suggesting, you have 30 days from this final determination, and Geraldo says it's a final determination and appealable, right? Right, and I followed Geraldo... So you have 30 days, you didn't file within the 30 days. In Geraldo they did file within the 30 days. Geraldo is different. There's nothing in Geraldo that says that you had to file in the 30 days. The law says you have to file in 30 days, and Geraldo interprets the law and says, look, as a court we can exercise prudential reasons to suspend our jurisdiction while the voluntary departure is figured out, right? Well, it says to dismiss the appeal, not suspend. But they filed in that case and the subsequent unpublished case you cite, both cases they filed in appeal in a timely fashion. And they didn't have the guidance of Geraldo and the other case in front of them at the time, and I think it is... Let me ask it this way then. If Geraldo says the court in its discretion can dismiss without prejudice, your theory seems to be that the court doesn't get to exercise that discretion. You exercise it for them because you never go to them and ask them to exercise their discretion. You just don't appeal it and then wait and then want to appeal later. It seems to me that's completely different. I wonder a little how Geraldo comes to the conclusion that they have the discretion that they say they have, but we're bound by that, I suppose, but it's still a reserving to the court of an ability to exercise a discretion. But your theory doesn't give them that option at all. It just says we're not going to appeal to you, we're going to assume that you would exercise that discretion and take it for us. Well, yes, I did looking at... That is true. I looked at your decision... That is true and therefore leads to the conclusion that you didn't appeal in time. Geraldo did not say that the first appeal, which is going to be dismissed, is a precondition to filing again. I believe that what I'm suggesting to you... He didn't say it wasn't a precondition. He didn't say one way or the other and I had a good... The logic of saying that it's final suggests clearly that it was a precondition. Not really... Because they said it was final, didn't they? They could have said it was not from the standpoint of... If you read the substance of Geraldo, it says, look, if you did this, the reason we're doing this is because of the 2009 change in the definition of voluntary departure. And if we allowed this, we would be allowing you to get a bite, two bites at the apple. You'd be allowed to preserve your voluntary departure option while you appeal. That was their reason for exercising the discretion that they said they had. And so I didn't... They only get that discretion if the case is before them, right? Well, if they've established a precedent for lawyers to read, which is what happened here, and I read their interpretation and I followed it, I'm not sure... It said you're not supposed to try to preserve your voluntary departure while you appeal. I did not try to preserve voluntary departure while appealing. I went back, I finished the voluntary departure proceeding as the court indicated in Geraldo, and then I appealed. I feel that certainly what I was doing was a good faith understanding of it. And I don't think my client should be penalized because apparently... Is your understanding of judicial review that BIA review is judicial review? I'm sorry. Is BIA review judicial review? No. Okay. So Geraldo says he's not specifically... You have 30 days from the decision on voluntary departure. If, I'm quoting, if petitioners are granted voluntary departure, they can at that decide whether to comply with the relevant departure provisions or else file a petition for judicial review. So even under Geraldo, you don't go to the BIA. You come once you decide you're not seeking... Once the voluntary departure decision is made, and I think the government says this, you have 30 days to decide under Geraldo, under your scenario where you don't have to seek it initially, you have 30 days to decide whether to seek judicial review. And that decision right was made in March of 2013, and you didn't seek judicial review until April of 2015. It was my understanding that I could... If you look at the definition of final order in the regulations of the Department of Homeland Security, they do not in any way define decisions of an immigration judge as final orders. I have always thought you have to go to the BIA, which I did. But you didn't go to the BIA about the voluntary departure, did you? Well, what happened was, actually it functioned just the way it's supposed to. We got down there, we appeared in front of the judge, and when Mr. He got the explanation that if he took this voluntary departure, he would have to surrender his appeal rights, he said, well, all in all, okay, I won't even take it. Then, okay, at that point you have a final determination on voluntary departure, right? Because you can't appeal, you just waived it, right? He didn't waive it, he withdrew it. Okay. So now you have 30 days to appeal, even under your scenario. To the BIA? To the BIA. No, it says to seek judicial review. Geraldo's specific. Look at the last paragraph. It's on page 618. What does it say? It says, or else to decide to file a petition for review. It does not say within 30 days. Right, but the law puts in place 30 days, right? The law puts in place 30 days from the BIA's decision. That's why we filed to the BIA. What I'm saying is, even if you're right, under your scenario, you get 30, there's nothing to appeal to the BIA at the point you abandon the voluntary departure. They've already made a determination in this case, right, that your client is not entitled to asylum. That's what you want to appeal. They made that determination. Right, so I took it back to them. Why are we taking it back to them when you have... Because this decision does not suggest that BIA, that immigration judge decisions are appealed directly. And if I have a hunch, if I appeal the BIA decision, the IJ decision, I would have been getting a motion to dismiss on the grounds that the IJ is not a final order. Because the BIA is the one who's the final order. No, no, wait a minute. There's two things going on here. There's a final order of the law. Then there's a separate proceeding where you go back and you deal with the voluntary departure, right? You're not dealing with the asylum claim anymore when you're dealing with voluntary departure, are you? Well, actually, in the Geraldo case, I don't think that's... Wait, wait, I want a yes, no answer. You're not, right? So you're complete. Your decision on asylum is complete in the BIA. They're done with it, right? Yes. Okay. And Geraldo says you can either go do the voluntary departure, and when that time is up, you can seek, when you are done with the voluntary departure, you can file a petition for judicial review. Right. But when you asked me the question, originally you said within 30 days. And the Geraldo does not say within 30 days. It says file a petition for review. So you have unlimited time is what you're saying. So once voluntary departure is made, the decision is made, and your client says no, you have unlimited time. No. We went back to the BIA, and then we appealed from the BIA within 30 days. I mean, the fact that you've recognized in your decision, and in the Hakim decision that was followed, this whole change in the departure regulations has created something of a quagmire that's not clear on how this all should operate. They say there's no regulations explaining how this is all supposed to operate. We made a good faith basis. We filed. We tried to follow your decision. I don't think my client should be penalized for that. What I've advanced is a colorable explanation under Geraldo. See, I have the red light. All right. Unless you want to take some of your three minutes rebuttal time. I prefer to save my three minutes. All right. Thank you. May it please the court, Matt Crapo on behalf of the Attorney General. There's three issues before the court today. Of course, the first and most important issue is whether or not the court retains jurisdiction to decide whether or not the Board of Immigration Appeals erred in denying petitioner's request for asylum. The government's position is that this court's jurisdiction is limited to the 2015 board decision, which denied or rejected his appeal as an untimely motion for reconsideration. Why doesn't he write that this is confusing and it doesn't make any sense, and why should we give him the benefit of the doubt under that scenario where the case law of the Sixth Circuit hasn't been, like he said, crystal clear as to how you do it. The ordinary thing to do when you're at the IJ is go to the BIA, get a final order, and then seek appeal. For a couple of reasons. It is a little bit confusing because Geraldo, I think, suggested that there may be a possibility that they could seek judicial review following the remand for voluntary departure. The government's position would be that they, Geraldo, directly held that the board decision adjudicating the merits of the case with a limited remand solely for voluntary departure is a final removal order. Even the government has been inconsistent, right? In Geraldo, you argued the opposite. We did. The government had a different position at that time. We've lost that issue. Right, so it's confusing. It definitely is confusing and probably comes up because it does lead to a bit of confusion, but the court clearly rejected the government's position in that case and held that it's final at the time the board adjudicates the merits of the case. Any remand for voluntary departure does not render it non-final. What do you want them to do? They get remanded for voluntary departure, then what? Should they always file a protective appeal? I think the best position would be they should always file a protective appeal. We haven't said that, right? In those two cases, Geraldo and the case that followed it, in both cases the Sixth Circuit dismissed. Right, but the court's jurisdiction had been invoked under the statute within 30 days of a final removal order. But once we dismiss, do we still have jurisdiction? I think in as much as the court dismissed without prejudice, with the right to re-invoke the petition for review, depending on how they want to handle the voluntary departure on remand. The Supreme Court's been pretty specific in an unrelated context, for example in settlements, that if the district court does not retain jurisdiction, its jurisdiction evaporates. So in either of these cases, did the court retain jurisdiction? That's a good question. I don't think the court was clear on whether or not it did or not. Stated differently, when they said without prejudice, it wasn't clear without prejudice to what? Without prejudice, maybe to reinstate the appeal if they decided. Maybe it's without prejudice to bring a new petition for review, or maybe it's without prejudice to go to the BIA, or we don't know what it's without prejudice to. Maybe we should have said what it was without prejudice to, I suppose. That might have been helpful. The entire rationale of Geraldo was... Cut your opponent a little slack procedurally here? No. Because even under his reading of Geraldo, he should have filed a petition for review once his voluntary departure proceedings were complete. He withdrew his request for voluntary departure. At the very latest, if he had filed a petition for review at that time, he at least would have an arguable claim for jurisdiction for the underlying board decision. He thought he had to file in the BIA, and he went to the BIA within 30 days, and then they sat on it for two years. So they could have told him right away, and then he would have still had time. Your proper appeal, you should file a petition for judicial review. I doubt it would be likely that he could file a petition, or appeal with the board within 30 days, and have the board decide it, and still get a petition. Well, they could just kick it and say, we don't have jurisdiction. Why isn't there some sort of equitable tolling while the BIA sits on it for two years? Your branch of government, right? They sit on it for two years. Why isn't there some sort of equitable tolling during that time? Because the 30-day time limit is mandatory and jurisdictional, and there's no equitable tolling. I would point out, I would like to... Contrary to Geraldo, there was a petition in Geraldo that was within the 30 days. It's true that we dismissed it without prejudice, but at least they brought it. It's not been brought here, right? That's not the case here. And he didn't bring it, even under his reading of Geraldo, where he had 30 days from the completion of the voluntary departure proceedings, he still didn't file it within 30 days of that. Because he withdrew his request for voluntary departure. I would like to point to two things. First of all, there's a regulation that deals with when the board can may summarily dismiss cases, and that's in which the appellant was granted the relief requested. And that is at 8 CFR 1000 3.1 D2C. He was granted the relief that he has requested. He requested to withdraw his voluntary departure. The board... Is it ever proper to go straight from the IJ to the court? Yes. When is... There's several situations in which that is possible. For instance, in reinstatement proceedings, the alien has a right to appeal negative reasonable fear determination to an immigration judge, but there's no appeal to the board from an immigration judge. So when there's no appeal, that's the final decision. I'm sorry to interrupt. Isn't he going, though... If he goes back for voluntary departure, that's his choice. And if he chooses not to seek it, isn't he really still appealing the BIA decision, since he's got a BIA decision in this case? Does that make sense? In other words, he's got a BIA decision. He's not appealing just the IJ's decision. He's actually appealing the BIA's decision. He's appealing the 2015 BIA decision. Right. But if... Let's assume he had done it the way you wanted him to, which is he decides to withdraw his voluntary departure application and he immediately files an appeal in the Sixth Circuit of the BIA decision, the previous BIA decision. Would you argue that's untimely? That would be unclear under Geraldo. I think the better rule would be that since Geraldo directly held that the initial board decision is a final removal order, the time should start from that decision, not the... At the end, it's not really fair to say that. If petitioners are granted voluntary departure, they can at that point decide whether to comply with the relevant departure provision or else to file a petition for judicial review of their application for withholding of removal. That's right. And it seems to me once the voluntary determination decision is made, departure decision is made, under this, they have 30 days, and I'm implanting, like the petitioner said, the 30 days. They have 30 days to appeal to the Sixth Circuit. And that may be the case. I think in Geraldo, the situation that the court in Geraldo was dealing with was unique because the voluntary departure regulations had changed recently. And what they changed to was they made it so that if you filed a petition for judicial review, it constituted a withdrawal of your request for voluntary departure. So you can't have both. You can either take your voluntary departure or have judicial review. And the court didn't want to put the petitioner in that case in a situation where he was not notified of that change in regulation because the immigration judge is required to notify them. This is what happens if you do file a petition for judicial review. It would constitute a withdrawal of your voluntary departure. So the court, I think in an abundance of caution, suggested that we don't want to deprive the petitioner in that case of his eligibility for that type of relief. And that's why they dismissed it without prejudice. And they didn't hold that in all cases dismissal was effectively required. No, they didn't hold that. And in fact, if petitioner didn't want voluntary departure, he could have filed a petition for review of the 2013 board decision, the merits decision, on his asylum claim and disavowed any request for voluntary departure. And I'm sure the court would have been happy to hear the case at that point because Geraldo had held. That would be a final removal order. Can I ask a merits question? Judge Rogers and Judge Collier, do you have any more? Do you lose on the merits? If we get to the merits, do you lose on the corroborating evidence merits question? In other words, the BIA decision, and I've read it now a couple times, it doesn't seem to indicate that they considered any corroborating evidence. All they did is consider the credibility determination. Does that pose a problem for the government here? No. Not in this case. Because his entire claim rests on his own credibility or the credibility of his witnesses. His mother, who was the only person. But there's no indication the BIA considered anything beyond his own credibility. Although in the 2015 decision, they did drop a footnote, which said that the arguments that he raised on his second appeal, which it construed as a motion to reconsider, did not convince them that it rehabilitated his case or rehabilitated his credibility. But your argument is if we consider the merits, we should consider both the footnote and the previous decision. Well, I don't think you need to reach the footnote. Because they rejected the second appeal as an untimely motion to reconsider. And I'm saying if we get to the merits. I'm sorry. Oh, if. If we get to the merits. If you get to the merits, you should. He hasn't shown that the record compels that he's eligible for asylum. I would point the court. There's one case that I did. Does the BIA have an obligation to consider corroborating evidence? I think the record here shows that the immigration judge and the board considered the whole record. And the immigration judge gave it. I agree that the immigration judge did. But the BIA, it doesn't seem to me, indicates they considered the whole record as to whether or not to grant him asylum. In the 2013 decision, they rested solely on the adverse credibility. That's correct. What case? I'm sorry. I interrupted. You said you wanted to point the court to a case. I wanted to point you to one case. This is an older case. It's Perkovic versus INS 33F3rd at 620. And that's a Sixth Circuit Court of Appeal decision. And in that case, the government, of course, took a different position. But our position was that they had to file a second appeal to the board to exhaust their administrative remedies. And the court rejected that. And they said that a second administrative appeal would have been the functional equivalent of a motion reconsider. And that basically supports kind of what the board did here. The board had every right under the regulation that I cited earlier to dismiss this case, summarily dismiss it, and say, look, you were granted the relief you requested. You withdrew your request for voluntary departure. And that's what the immigration judge did for you. What was he appealing? I think the board actually was kind of confused as to what the second appeal addressed. And given him every benefit of the doubt, they construed it as a motion to reconsider its earlier decision and denied it as untimely. I don't think you need to reach the merits of the underlying decision. I don't think the court has jurisdiction over the underlying decision. And even if the court decided that it did, the record doesn't compel the conclusion that he established his claim for asylum. If there's no further questions, I'd ask the court to dismiss or deny the petition for review. Thank you very much. There's no question that you have jurisdiction over this last decision. And in that last decision, the board did say they would reach the same conclusion, that their previous decision on the case was accurate. So you would have jurisdiction over that issue where they failed to evaluate the corroborative evidence. So that is before you. They said, hey, we saw it. We did it right the first time. Well, it's only before us if the appeal is timely. If it's not timely, it's not before us. But I filed a timely appeal from their decision. Now, they're saying the appeal's untimely. This is the whole issue. My appeal to them was timely. I filed it in 30 days. The BIA regulations. Not within 30 days of the 2013 decision. Yes. No, the BIA remanded it. Yes, I did. I filed it within 30 days of that decision. And the BIA sat on it for two years. I filed a timely appeal to the BIA. Now, there's nothing in the board's regulations which allows them to say, well, if you file an appeal, they can summarily, you file a timely appeal, they can summarily convert it into an untimely motion to reconsider. There is nothing that says that. And the board is bound by its regulations. As I point out, I believe it's on pages 5 through 7 of my. The original BIA decision you didn't appeal from. Huh? The original BIA decision you didn't appeal from. I thought that's what Judge Clay was asking. No, but on, well, on that one, yeah. You're talking about 30 days from the subsequent BIA decision. That's right. OK, but he, I mean, you're talking past each other. OK, well, I'm talking about the decision in 2013 by the IJ to the BIA. I filed that within 30 days. To the BIA? Yes, it was a timely appeal to them. And that's not his question. I mean, I think we understand that, but it's not responsive to it. OK, well, I'm not disputing. The first one clearly wasn't filed within 30 days. There's no question about that. That's all he was asking. OK, there's no question. The date was January 18, 2013. You didn't appeal within 30 days of that, did you? Yes, to the BIA I did, yes. There's no question that I filed a timely appeal. You did not. To the BIA I did. But January 18, 2013 was when the board issued its decision affirming the IJ. Oh, well then. And you didn't appeal that. We all agree. I think everyone in this courtroom agrees. I've got to admit, I don't have all that stuff in front of me. Here's what I'm trying to make the point. And I don't know the dates, OK? When the case was sent back to the IJ for the voluntary departure, we appealed from the IJ We understand that. You appealed within 30 days. Within 30 days, two years, and it was finally done. And here's what I have to say about that. I take it that, I take the idea that Geraldo was a little bit ambiguous as to what to do. Exactly. But you sort of take what's an aggressive view of what you didn't have to do, and that redounded to your client's benefit, because there was an extra two years that he gets to stay in the United States. So I can understand why you would take that position, but it seems to me a stretch, or what you might call an aggressive interpretation of that determination. Because it suggests that you can take unto yourself the discretion that this court exercised in the Geraldo case, and just say, we're going to assume that in our case that discretion would be exercised. So we're not even going to go and give them the chance to exercise that discretion. We're just going to act like that discretion has been exercised in our favor. Not in our favor. Well, it is in your favor if it dismisses without prejudice, because it continues process in the United States, rather than finalizing a removal. You see what I'm saying? It's a little bit sympathetic, because it's a little bit ambiguous. But you sort of take a chance when you take a pretty aggressive interpretation of something that's a little ambiguous. And that aggressive interpretation is kind of in tilts in favor of continual process for years. Well, it would have been better, it seems to me, to take the more logical interpretation, which is that that's an exercise of discretion that the court has to make, not you, by appealing to the court timely from the decision of the BIA, and then asking them to take that step, rather than just not doing it and assuming that it, in effect, has been done by virtue of the precedent that you're saying is ambiguous. How do you respond to that? Very simply. As a practitioner, first of all, it wasn't just Geraldo. You have that second swami. There are two cases in a row saying that. But in both, they appealed. Yes, and they didn't have the Geraldo decision in front of them. But we as lawyers, we see your case. We read what you say. Who didn't have the Geraldo decision in front of them? Geraldo didn't. He didn't have that decision when he appealed. And neither did Mr. Swamijara. They didn't have the Geraldo decision. The court exercised discretion. It looked at these various things and said we're going to dismiss without prejudice. It's kind of a strange thing to do, but that's what they did. It's a big step to me. It's not impossible, but it's a pretty big step to say that means that you don't even have to appeal and give them the discretion to make that determination. You just assume that it's happened and go forward for two years. To me, as a lawyer sitting out there reading your decisions, when you set two decisions in a row that hold the same thing, to me, I'm just not. They don't hold that you don't need to appeal. They hold that if you appeal, they're going to exercise their discretion under certain circumstances. And that you can then appeal. So I'm looking out there as a lawyer reading what you have. And in particular, reading the rationale, which is we're not going to allow you to have two bites at the apple. So I complied with that rationale. I did not attempt to have the two bites at the apple. I acted in a manner consistent with the rationale of the decision, which is you don't get two bites. And I do think you have to remember one other thing that gets here, and I think sometimes it's overlooked. To file an appeal, there's a $500 filing fee, which is not insignificant to people who are working minimal wage jobs, who have a work authorization that they're not exactly racking in big money. And so you have to be saying, well, am I going to advise you to just throw away $500? Because it's going to be, look, they're making a precedent. They're not going to take it. You may want to wind up your replacement on that. Well, I was just following. I thought I was allowed to. That's a fair argument. I understand that. Yeah. And so we did, but beyond everything else, there is a timely appeal from this most recent decision, which was based upon a timely appeal from the IJ to the BIA. The BIA did not have any authority under their regs to convert it to a motion to reconsider. And therefore, what they said in that final appeal is before you, including that they were correct. We're going to have to conclude now. Thank you. Thank you. The case is submitted, and you may call the next case.